8 F.3d 72
 303 U.S.App.D.C. 419
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Stanley WIGGINS, Appellant,
v.
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Appellee.
 No. 92-7091.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 2, 1993.
 
 Before WILLIAMS, SENTELLE, and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal of the judgment of the District Court, and it was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED by the Court that this case is affirmed in part and reversed in part.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely filed petition for rehearing. See D.C.Cir.Rule 15.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Plaintiff Stanley Wiggins appeals from the grant of summary judgment in favor of defendant WMATA in United States District Court on the two claims alleged in his complaint for injuries suffered by him when he was allegedly assaulted by a bus driver employed by WMATA. The first claim rested on a theory of respondeat superior, the second on negligent hiring. We affirm as to the second, but reverse as to the first.
 
 
 5
 The plaintiff alleged that on April 19, 1990, he attempted to board a WMATA bus, was prevented by the operator in a dispute over the fare, got off and walked a block and a half. Thereafter, he arrived at his destination contemporaneously with the same bus. The altercation between the driver and Wiggins began anew. The driver got off the bus and struck Wiggins to his injury. Wiggins brought the present action.
 
 
 6
 After some discovery, Wiggins was unable to learn the identity of the driver, but alleges claims against WMATA based on the theory that the driver assaulted him in the course and scope of his employment, and that WMATA was negligent in hiring and supervision. WMATA moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P. That rule, of course, permits the granting of such judgment where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." The District Court ruled that WMATA was entitled to summary judgment as to both theories.
 
 
 7
 Because the grant of summary judgment involves a question of law, not fact, we review the matter de novo. Caiola v. Carroll, 851 F.2d 395, 398 (D.C.Cir.1988). All parties agree that the law of the District of Columbia applies. As to the negligent hiring and supervision claim, it matters little what jurisdiction's law governs, as the plaintiff has offered essentially no evidence supporting that claim, merely arguing that we should find from the occurrence of misconduct by an employee that the employer has negligently hired or supervised. Unsurprisingly, appellant cites no authority to that effect. We know of none. As to that claim, we affirm.
 
 
 8
 As to the respondeat superior claim, however, while the question is a close one, after reviewing District of Columbia authorities, we conclude that the District Court misapplied District of Columbia law. We therefore reverse the grant of summary judgment on that claim.
 
 
 9
 WMATA correctly asserts that the highest court of the District in District of Columbia v. Coron, 515 A.2d 435, 438 (D.C.1986), quoted with approval a standard facially inconsistent with plaintiff's claim in this case:
 
 
 10
 Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.
 
 
 11
 Id. at 437, quoting Restatement (Second) of Agency § 228(2) (1958).
 
 
 12
 However, other governing caselaw in the District of Columbia seems to allow a finding of conduct within the scope of employment on facts arguably analogous to those in the present case.
 
 
 13
 In Johnson v. Weinberg, 434 A.2d 404 (D.C.1981) (Johnson I ), plaintiff had argued with an employee of a laundromat about some missing shirts over the interrupted course of a few hours. After plaintiff had turned to leave the laundromat saying, "Forget it," the employee called out to him. Plaintiff turned. The employee shot him in the face.
 
 
 14
 The wounded customer sued both the employee and his laundromat employers. The trial court granted a directed verdict in favor of the employers. The District of Columbia Court of Appeals reversed, agreeing "that an employer will not be deemed liable for the intentional torts of an employee which are committed solely in furtherance of the latter's own interests, and not those of the employer," but ruling that "where a tort is the outgrowth of a job-related controversy, 'then the employer remains liable, since the master and servant relationship is not broken.' " Id. at 408, quoting Penn Central Transp. Co. v. Reddick, 398 A.2d 27, 30 (D.C.1979). This would seem, under District of Columbia law, to govern the present case.
 
 
 15
 Appellee argues, not without convincing force, that the facts in the present case are beyond a reasonable jury's capacity to find conduct within the scope of the employer's business, but that position does not seem to be consistent with the law in Johnson I. Appellee also argues that later District of Columbia cases, e.g., District of Columbia v. Coron, supra, and Boykin v. District of Columbia, 484 A.2d 560 (D.C.1984), placed the precedential authority of Johnson I in doubt. However, the Johnson animus seems to be revivified in a second visit to the District of Columbia Court of Appeals, Weisberg v. Johnson, 518 A.2d 985 (D.C.App.1986) (Johnson II ). On the same facts, a new panel of that court held, "[t]he questions for the jury were whether the shooting occurred in the course of Boyd's performance of duty or after the job-related transaction was completed, and whether the shooting involved no more than Boyd's use of a 'job-related situation' as an opportunity to pursue his own 'personal adventure.' " Id. at 988-89.
 
 
 16
 The same would seem to be true in the case at bar. Although we might find appellee's arguments persuasive were this a case of first impression, it is not and we are governed by the law of the District of Columbia. Therefore, as to the respondeat superior claim, we reverse the grant of summary judgment.